WELLS FARGO BANK TEXAS, N.A., Bank of America, N.A., Bank One, N.A., the Chase Manhattan Bank, and Comerica Bank–Texas

v.

Randall S. JAMES, in his official capacity as Texas Banking Commissioner

No. CIV. A–01–CA–538 JN.

United States District Court, W.D. Texas, Austin Division.

Aug. 31, 2001.

Thomas T. Rogers, Jackson Walker L.L.P., Austin, TX, Keith A. Noreika, Covington & Burling, E. Edward Bruce, Covington and Burling, Stuart C. Stock, Covington & Burling, Washington, DC, for Plaintiffs.

David Mattax, Assistant Attorney General, Finance Division, Christopher D. Livingston, Office of the Attorney General, State of Texas, Austin, TX, for Defendant.

Douglas B. Jordan, Office of the Comptroller of the Currency, Washington, DC, for Amicus.

## ORDER

NOWLIN, Chief Judge.

Before the Court is Plaintiffs' Opposed Motion for Preliminary Injunction (Doc. No. 2); Plaintiffs' Memorandum in Support of Preliminary Injunction (Doc. No. 3); Defendant's Response (Doc. No. 17); the Office of the Comptroller of the Currency's *Amicus Curiae* Brief in Support of the National Bank Plaintiffs (Doc. No. 15); Plaintiffs' Reply (Doc. No. 21); and Defendant's Surreply (Doc. No. 24). The Court heard oral arguments on Plaintiffs' Motion for Preliminary Injunction on August 30, 2001. This Order reflects the ruling made from the bench.

### I.

Plaintiff Banks challenge Texas Business and Commerce Code § 4.112,[1] which

---

1. Section 4.112 of the Texas Business and Commerce Code provides:

PAYMENT OF CHECK AT PAR

comes into effect September 1, 2001, asserting that the Texas statute is preempted by the National Bank Act, 12 U.S.C. § 21 *et seq.*, and 12 C.F.R. § 7.4002(a). The Texas law would prohibit a bank from charging fees to non-account holders for cashing checks drawn on that bank. The policy consideration behind the statute is to protect employees by ensuring they receive full value when cashing their payroll checks at the bank upon which the checks were drawn.

## II.

■ The elements necessary to obtain a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest. *United Offshore Co. v. Southern Deepwater Pipeline*, 899 F.2d 405, 407–08 (5th Cir.1990).

## III.

■ A. The Court finds a substantial likelihood that Plaintiff Banks will succeed on the merits of their claim. The National Bank Act provides a broad power to national banks [2] "[t]o exercise * * * all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidence of debt ...." 12 U.S.C. § 24(Sev-

enth). A bank's authority to charge fees for these services is found in 12 C.F.R. § 7.4002(a) which expressly provides that a "national bank may charge its customers non-interest charges and fees, including deposit account service charges."

The Office of the Comptroller of the Currency ("OCC") is the agency responsible for interpreting the National Bank Act and administering the national bank charter, including determining the scope of permissible national bank activities. 12 U.S.C. §§ 1–216d. The OCC issued opinion letters to the national banks in this case concluding that the National Bank Act and 12 C.F.R. § 7.4002(a) permit national banks to charge fees to non-account holders for cashing checks drawn on the banks. (Pls.' Ex. 1; J; K.) Because a federal agency is afforded deference in the interpretation of the law under which it acts, and even greater deference in its interpretations of its own regulations, *see United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 2173 n. 13, 150 L.Ed.2d 292 (2001) (the OCC's ruling and interpretative letters are entitled to full *Chevron* deference); *Christensen v. Harris County*, 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) ("an agency's interpretation of its own regulation is entitled to deference"), the Court finds it likely that Plaintiff Banks will succeed in their claim that the Texas statute is in direct conflict with the National Bank Act and therefore preempted.

---

(a) Except as otherwise provided by Chapter 3 or this Chapter, a payor bank shall pay a check drawn on it against an account with a sufficient balance at par value without regard to whether the payee holds an account at the bank.

(b) This section does not prohibit a bank from requiring commercially reasonable verification of the payee's identity before settlement of the check.

(c) In addition to any remedy provided by law, the banking commissioner, in coordi-

nation with the Finance Commission of Texas, shall ensure that payor banks comply with the requirements of this section.

**2.** The parties do not dispute that while the National Bank Act on its face only applies to national banks, its provisions are applicable to Texas branches of out-of-state banks and Texas-chartered banks through other various federal and state laws.

B. The Court finds that the Banks will suffer irreparable harm if injunctive relief is not granted. Further, the Court finds that the Plaintiff Banks' injuries outweigh any injury that the State of Texas, or the public, would face absent injunctive relief. Finally, the Court finds an injunction will serve the public interest.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Opposed Motion for Preliminary Injunction (Doc. No. 2) is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Randall S. James, in his official capacity as Texas Banking Commissioner, and his agents, including the Attorney General of Texas, are hereby ENJOINED, until final resolution of this case on the merits, from enforcing, or taking any action to enforce, the provisions of Tex. Bus. & Com.Code Ann. § 4.112, or otherwise requiring Plaintiffs to comply with the provisions of § 4.112.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Banks shall establish and maintain, until final resolution of this case, a refund mechanism, through the use of vouchers and/or an identification system, consistent with the representations made in Plaintiffs' affidavits submitted with their motion for preliminary injunction, such that all persons charged a check cashing fee after entry of this Order will receive a refund of those fees should the Court ultimately uphold § 4.112.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs shall post bond in the amount of $25,000.00.